IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 16 CV 06660 |
| | ) | |
| CORRECTIONAL SERGEANT TIMOTHY SHULTS, STAR #3235, individually and in his official capacity as an agent/employee of COOK COUNTY, CORRECTIONAL OFFICER NIGEL COLEMAN, STAR #15940, individually and in his official capacity as an agent/ employee of COOK COUNTY, and UNKNOWN COOK COUNTY CORRECTIONAL OFFICERS AND SUPERVISORS, individually and in their official capacity as agents/employees of COOK COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | Jury Demand |

**FIRST AMENDED COMPLAINT**

Plaintiff BRIAN MITCHELL ("Plaintiff"), by and through his undersigned attorneys, and for his Complaint against Defendants, CORRECTIONAL SERGEANT TIMOTHY SHULTS, CORRECTIONAL OFFICER NIGEL COLEMAN, AND UNKNOWN CORRECTIONAL OFFICERS AND SUPERVISORS states the following:

**NATURE OF THE CASE**

1. Plaintiff brings this action in relation to an incident that occurred on June 27, 2015. Plaintiff seeks redress for the injuries caused by Defendants' conduct of

placing a dangerous prisoner, Lasharn Robinson ("Robinson"), in Plaintiff's cell and refusal to move Robinson or Plaintiff to a different cell following Plaintiff's pleas for help, resulting in injury to Plaintiff in violation of the Eighth Amendment and the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

## THE PARTIES

2. Plaintiff is an individual who resides in the State of Illinois.

3. Cook County is a municipality incorporated under the laws of the State of Illinois. Cook County runs the Cook County Sheriff's Office. Cook County is liable for any judgments related to its agents and/or employees arising out of actions or omissions committed during the scope of their employment.

4. Defendant Correctional Officer Nigel Coleman, Sergeant Timothy Shults, and unknown Cook County Correctional officers/supervisors were correctional officers and supervisors in and over Division 11 of the Cook County Department of Corrections and contributed to the injuries of plaintiff through their actions and / or omissions. They were all working the tier where Plaintiff was housed, tier AA, Division 11, of the Cook County Department of Corrections on June 27, 2015, when Plaintiff was injured. They are all sued in their individual capacities as well as in their capacities as agents and employees of Cook County.

## JURISDICTION

5. Jurisdiction of this action is proper in this Court under 28 U.S.C §1331 and §1343, this suit being authorized by 42 U.S.C. §1983 to redress the deprivation of rights, privileges, and immunities guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution. The state law claims are properly before this Court via supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

6. Venue is proper, pursuant to 28 U.S.C. §1391, in this Court because the events giving rise to this lawsuit took place in this District.

## FACTUAL BACKGROUND

7. On June 27, 2015, Plaintiff resided in his cell #201, tier AA, Division 11 at the Cook County Department of Corrections at 3015 S. California Blvd., Chicago, Illinois.

8. On June 27, 2015 inmate Robinson (I.D.# 0517334) also resided in Plaintiff's cell at the Cook County Department of Corrections at 3015 S. California Blvd., Chicago, Illinois.

9. Upon information and belief, Robinson had a reputation of mental instability, threatening and assaulting others and himself.

10. Upon information and belief, Robinson had two mental health evaluations just prior to June 27, 2015.

11. Plaintiff informed Sergeant Shults and Officer Coleman that there was something wrong with Robinson and Robinson's behavior caused Plaintiff to fear for his safety. Plaintiff requested to be separated from Robinson.

12. Both Officer Coleman and Sergeant Shults refused to assist Plaintiff or have him moved to a new cell. Sergeant Shults replied to Plaintiff's concerns by telling Plaintiff to "lay [his] ass down" or he [Shults] would "shake the whole deck."

13. Upon information and belief, there were other cells available that Plaintiff or Robinson could have occupied.

14. Sometime shortly thereafter, inside their shared cell, Robinson repeatedly stabbed Plaintiff with contraband including a pen. Despite Plaintiff's calls for help, no one came to his aid.

15. At all relevant times, Defendants were acting under the color of state law and in their official capacities as agents and employees of Cook County.

16. As a direct result of Defendants' indifference to Plaintiff's calls for help, Plaintiff suffered great pain and physical injury.

17. Defendants were deliberately indifferent to the safety risk posed by placing an inmate with know mental health problems in the same cell as Plaintiff and refusing to move Plaintiff or Robinson after Plaintiff specifically told Defendants of the risk to his safety.

18. Defendants failed to prevent inmate Robinson from obtaining dangerous contraband and keeping it in his cell, thus causing injury to Plaintiff.

19. Defendants failed to sufficiently supervise the detainees including Plaintiff and Robinson, even after Plaintiff complained and asked for help, thus resulting in injury to Plaintiff.

### COUNT I: Department of Corrections Conditions and Confinement

20. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

21. The Defendants' decision to place Plaintiff and Robinson in the same cell and to continue to do so when Robinson's instability was obvious and after he threatened harm to others and himself, left Plaintiff incarcerated under conditions that posed a substantial risk of serious harm to his health and safety.

22. Defendants were indifferent to Plaintiff's health and safety having had knowledge of the substantial risk of harm to Plaintiff.

23. Due to Defendants' decision to place Plaintiff and Robinson in the same cell and Defendants' failure to protect Plaintiff's health and safety by failing to take any steps to protect Plaintiff against Robinson who was known to be a danger to himself and others, Plaintiff was injured.

24. Defendants' decision to place Plaintiff and Robinson in the same cell threatened Plaintiff's health and safety, and thus violated the Eighth Amendment, U.S. Const. amend. VIII, the Fourteenth Amendment, U.S. Const. amend XIV, and said rights protected by 42 U.S.C. §1983.

  WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendants for violation of the Eighth and Fourteenth Amendments and award the plaintiff (i) damages for the violation of his rights and for compensation for pain and suffering due to the injuries mentioned above, (ii) damages for emotional distress suffered due to the conditions mentioned above, (iii) the costs of this suit, including reasonable attorneys' fees, (iv) punitive damages, and (v) any further relief that this Court deems appropriate and just.

## COUNT II: Failure to Protect

25. Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

26. Plaintiff was attacked and stabbed by Robinson, an individual with known mental health issues and a known threat of danger to himself and others, causing physical and mental injury to Plaintiff.

27. Defendants had knowledge of sufficient information to understand the danger posed by housing Plaintiff and Robinson in the same cell and Defendants were deliberately indifferent to the substantial risk of an attack upon Plaintiff by Robinson.

28. The Constitutional violations detailed above were caused by the customs, policies, and practices of the institutional Defendants, as promulgated, enforced, and disseminated by the official Defendants.

29. The Defendants were then and there guilty of the following:

   (a)  Fostering an atmosphere at the Cook County Department of Corrections where correctional officers are encouraged to disregard serious safety needs of detainees;

   (b)  failing to properly monitor detainees' behavior despite the fact that cameras are readily available to monitor such detainees;

   (c)  failing to make regular and timely checks of the tiers;

   (d)  failing to train its employees to recognize and take proper action regarding the safety needs of pretrial detainees, including training employees;

   (e)  understaffing the jail, thus making it more likely that detainees serious safety needs would go unaddressed;

   (f)  failing to promulgate and implement proper procedures calculated to properly screen inmates in order to determine whether a detainee is a

       safety risk to themselves or other detainees before the detainee is placed in general population;

(g)     failing to have adequate assessment of incoming detainees' medical conditions by personnel;

(h)     encouraging the falsification or destruction of reports to cover up inadequacies in the care and treatment of pretrial detainees;

(i)     employed both directly and by contract, unqualified, poorly trained and incompetent personnel to provide screening, medical care, and psychological care to inmates and detainees;

(j)     allowed to exist or failed to correct the failures inherent in their policies, procedures and personnel despite knowledge of the past inmate inflicted injuries in the Cook County Department of Corrections and the problems existing in their policies, procedures and personnel;

(k)     having insufficient detainee supervision;

(l)     allowing the constitutionally impermissible practice of cross-watching tiers;

(m)     otherwise acting willfully and wantonly in ignoring the safety needs of Plaintiff;

(n)     failing to follow its own policies and procedures;

(o)     otherwise failing to abide by administrative rules and procedures, state law, and federal law.

30. The actions of Defendants, described above, whereby Defendants were aware of, but deliberately, willfully, and wantonly ignore the serious risk of harm to Plaintiff and failed to take the appropriate steps to protect him, resulted in harm to Plaintiff and thus violated the Eighth Amendment, U.S. Const. amend. VIII,

the Fourteenth Amendment, U.S. Const. amend. XIV, and was in violation of said rights protected by 42 U.S.C § 1983.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the Defendants for violation of the Eighth and Fourteenth Amendments and award the plaintiff (i) damages for the violation of his rights and for compensation for pain and suffering due to the injuries mentioned above, (ii) damages for emotional distress suffered due to the failure to protect Plaintiff from a known and obvious substantial risk to his health and/or safety as mentioned above, (iii) the costs of this suit, including reasonable attorneys' fees, and (iv) punitive damages, and (v) any further relief that this Court deems appropriate and just.

## COUNT III: State Law Claim – Willful and Wanton

31. Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

32. Defendants owed a duty to Plaintiff to exercise reasonable care and to refrain from willfully and wantonly disregarding his Constitutional rights and breached that duty as set forth on the preceding paragraphs.

33. As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendants, Plaintiff suffered great pain and anguish as a result of his injuries on June 27, 2015.

34. Cook County is sued in this count pursuant to the doctrine of *respondent superior*, in that the individual Defendants performed the actions complained of while on

duty and in the scope of their employment or agency relationship with the Defendant Cook County, thus making Cook County liable to pay any judgment entered against the individual Defendants.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the Defendants and award the plaintiff (i) damages for the violation of his rights and for compensation for pain and suffering due to the injuries mentioned above, (ii) damages for emotional distress suffered due to the failure to protect Plaintiff from a known and obvious substantial risk to his health and/or safety as mentioned above, (iii) the costs of this suit, including reasonable attorneys' fees, and (iv) punitive damages, and (v) any further relief that this Court deems appropriate and just.

## COUNT IV: Indemnification

35. Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

36. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS §10/2-302 and 745 ILCS §10/9-102.

37. Defendants were employees of the Cook County Department of Corrections and acted within the scope of their employment in the actions alleged herein.

38. The individual Defendants' conduct described herein was willful and wanton.

39. In the event the individual Defendants are found liable for their actions performed in the course of their employment with the Cook County

Department of Corrections, Cook County must indemnify the individual Defendants for this verdict pursuant to 745 ILCS §10/2-302 and 745 ILCS §10/9-102.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the Defendants and award the plaintiff (i) damages for the violation of his rights and for compensation for pain and suffering due to the injuries mentioned above, (ii) damages for emotional distress suffered due to the failure to protect Plaintiff from a known and obvious substantial risk to his health and/or safety as mentioned above, (iii) the costs of this suit, including reasonable attorneys' fees, and (iv) punitive damages, and (v) any further relief that this Court deems appropriate and just.

## JURY DEMAND

Plaintiff, BRIAN MITCHELL, hereby requests a trial by jury.


Respectfully Submitted,


/s/ Edith Holland\_\_\_\_\_

Edith Holland
ekdibbin@hotmail.com
GOTTREICH GRACE & THOMPSON
311 W. Superior St., Suite 215
Chicago, IL 60654
312-943-0600 (office)
312-943-7133 (fax)